UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HAYNIE SMITH,

    Plaintiff,

v.                                                                  Case No. 19-CV-1

WISCONSIN DEPARTMENT OF CORRECTIONS and
WILLIAM J. POLLARD,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Haynie Smith sues his former employer, the Wisconsin Department of Corrections ("DOC") and William Pollard, warden of the Dodge Correctional Institution, for allegedly discriminating and retaliating against him in violation of the Americans with Disabilities Act of 1990, 42 U.S. Code § 12101, *et seq.* ("ADA") and in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"). (Am. Compl., Docket # 7.)

The defendants moved for summary judgment as to all of Smith's claims, arguing that the claims should be dismissed on the merits (Defs' Br. in Supp. of Summ. Judg. at 9–15, 27–32, Docket # 33), or alternatively, that all of Smith's claims are barred by the Eleventh Amendment (*id.* at 15–28). Specifically, as to Smith's FMLA claims against the DOC, the defendant argue that the DOC is a state agency, *see* Wis. Stat. § 15.14, and sovereign immunity extends to all arms of the state, including state agencies, *Kashani v. Purdue University*, 813 F.2d 843, 845 (7th Cir. 1987). (Defs' Br. at 15–16.) As to Smith's FMLA claims against Pollard, the defendants argue that whether Smith sues Pollard in either his official or

his individual capacity (the amended complaint is not entirely clear), the claims are barred by the Eleventh Amendment. (*Id.* at 18–19.) The defendants argue that although the Seventh Circuit has not addressed sovereign immunity for individual capacity claims against state supervisor officials under the FMLA, it has addressed such claims in the context of the Fair Labor Standards Act ("FLSA"), which mirrors the FMLA with respect to its remedial provision and definition of employer. (*Id.* at 19.) Under the FLSA, the Seventh Circuit held that state officials have Eleventh Amendment immunity from individual capacity claims. (*Id.* (citing *Luder v. Endicott*, 253 F.3d 1020, 1023–25 (7th Cir. 2001).) As to a claim against Pollard in his official capacity, they argue that an official capacity suit against a state official is not a suit against the official but rather is a suit against the official's office; thus, it is no different from a suit against the State itself and barred by the Eleventh Amendment. (*Id.* at 22 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 67, 71 (1989).)

As to Smith's ADA claims, the defendants similarly argue that the claims against the DOC are barred by the Eleventh Amendment. (*Id.* at 26 (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001).) As to Smith's claims against Pollard, as to any official capacity claims, the defendants argue that the Eleventh Amendment bars actions against state officials sued in their official capacities for money damages (*Id.* at 27–28 (citing *MSA Realty Corp. v. Illinois*, 990 F.2d 288, 291 (7th Cir. 1993)) and Smith does not seek prospective injunctive relief (*id.* at 28). Finally, to the extent Smith alleges an individual claim against Pollard under the ADA, the defendants argue that the ADA provides for liability only with regard to the plaintiff's employer, not the plaintiff's supervisors or other individuals working for the plaintiff's employer. (*Id.* at 27 citing (*Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999).)

In lieu of a brief in opposition to the defendants' summary judgment motion, Smith filed a letter stating as follows:

> Having reviewed the case citations and current state of the law, Plaintiff does not have a valid argument that would defeat Defendants' Eleventh Amendment argument. Therefore, Plaintiff cannot file a response and agrees that summary judgment as to the federal claims asserted is appropriate.

(Docket # 36.) Given Smith's concession that his FMLA and ADA claims are barred by the Eleventh Amendment and that summary judgment in favor of the defendants as to his federal claims is appropriate, I will grant the defendants' motion for summary judgment and dismiss Smith's amended complaint.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (Docket # 25) is **GRANTED**. The plaintiff's amended complaint is dismissed. The clerk of court will enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 28th day of April, 2020.

BY THE COURT

_s/ Nancy Joseph_
NANCY JOSEPH
United States Magistrate Judge